458 P.2d 590

**STATE of New Mexico ex rel. S. E. REYN-OLDS, State Engineer, Plain-tiff-Appellee,**

v.

**LUNA IRRIGATION COMPANY, Defendant-Appellant.**

**No. 8783.**

Supreme Court of New Mexico.

Sept. 8, 1969.

Robertson & Reynolds, Silver City, for defendant-appellant.

James A. Maloney, Atty. Gen., F. Harlan Flint, Paul L. Bloom, Sp. Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

OPINION

COMPTON, Justice.

The decisive question is whether waters released from storage in Lake Luna in Arizona and thereafter flow downstream in New Meixco are public waters within the meaning of § 75–1–1, N.M.S.A.1953, which provides:

"All natural waters flowing in streams and watercourses, whether such be per-

ennial, or torrential, within the limits of the state of New Mexico, belong to the public and are subject to appropriation for beneficial use. A watercourse is hereby defined to be any river, creek, arroyo, canyon, draw, or wash, or any other channel having definite banks and bed with visible evidence of the occasional flow of water."

This controversy arose as a result of an action brought by the state engineer to adjudicate the water rights of water users of the San Francisco River stream in New Mexico. Luna Irrigation Company impounds its waters in Lake Luna in Arizona by means of a dam across San Francisco River upstream from New Mexico state line. The Luna Area within the San Francisco River drainage system in New Mexico is the subject area of this controversy and it abuts the Arizona-New Mexico state line. The company objected to any adjudication and moved that it be excluded therefrom on the theory that waters impounded by it in Lake Luna are private waters and that the court was without jurisdiction to make such determination.

. The court found and concluded that when waters are released from Lake Luna into the San Francisco River and enter New Mexico in that watercourse, they become public waters of the state. Judgment was entered denying the motion, and the irrigation company has appealed.

The record discloses that the irrigation company constructed another dam across the bed of San Francisco River in New Mexico some three miles downstream from the Arizona state line. At this point the company diverts the river waters into its ditches for distribution to its members.

■ The appellant argues that its waters having been impounded in Lake Luna, and recognized by Arizona as private waters, retain such status in New Mexico. We do not concern ourselves with appellant's right to store waters in Arizona. The only question properly before us is the character of the waters after having crossed the state line into New Mexico. The stat-

ute is controlling; waters flowing in a natural stream are not subject to private ownership. Hagerman Irrigation Co. v. McMurry, 16 N.M. 172, 113 P. 823. See 1 Wiel, Water Rights in the Western States §§ 30, 31, 32 (3d Ed. 1911); 1 Waters and Water Rights, § 53.2 (Clark, ed. 1967). We conclude that natural waters flowing in streams and watercourses in New Mexico are public waters subject to adjudication. As pointed out in Turley v. Furman, 16 N.M. 253, 114 P. 278, waters flowing into New Mexico via interstate streams and diverted in New Mexico are the public waters of this state.

■ The argument is advanced that appellant retains dominion and control of the waters after they are released into the San Francisco River and intercepted by its diversion dams in New Mexico. In support of this position appellant attaches great significance to the fact that the San Francisco River bed is usually "dry" when the irrigation company releases storage waters for its members. The logic of this argument seems to be that because the river bed is dry that the waters remain in its dominion and control. The trouble with this argument is that it disregards the statute. The dry river bed is a portion of the waterway that comprises the San Francisco River system. Equally important are the ground waters which form an integral part of the San Francisco stream system. See City of Albuquerque v. Reynolds, 71 N.M. 428, 379 P.2d 73. When surface waters are released from storage into a "dry" river bed they necessarily merge and interchange with the ground waters of the stream system. It is readily apparent that merger of storage waters with other waters of the San Francisco River system cannot be prevented.

We conclude that the court had jurisdiction to adjudicate the water rights of the company. The judgment should be affirmed.

It is so ordered.

NOBLE, C. J., and TACKETT, J., concur.